WILLIAM H. THOMAS (ISB 3154)
THOMAS, WILLIAMS & PARK, LLP
225 N. 9th St., Ste. 810
P.O. Box 1776
Boise, ID  83701-1776
Telephone:  (208) 345-7800
Fax:  (208) 345-7894
wmthomas@thomaswilliamslaw.com

Attorney for Plaintiff

### IN THE UNITED STATES DISTRICT COURT FOR THE STATE OF IDAHO

LESLIE BARNETT, an individual,

               Plaintiff,

vs.

KIT HOMEBUILDERS WEST LLC, an Idaho
limited liability corporation,

               Defendant.

Civil Action No. 1:17-cv-24

**COMPLAINT WITH JURY DEMAND**

Plaintiff, Leslie Barnett ("Mr. Barnett" or "Plaintiff"), for his claims alleges:

### PRELIMINARY STATEMENT

1.      Plaintiff was subjected to discriminatory treatment because of being "regarded as" having

a disability.  Defendant violated the Americans with Disabilities Act Amendments Act of 2008

because Complainant was "regarded as disabled".  Defendant interfered with Plaintiff taking

Family Medical Leave Act (FMLA) covered leave.  Defendant wrongfully terminated Plaintiff in

violation of public policy, exercising his right to worker's compensation.

### JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331 and 1343.  This action is

authorized and instituted under Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which

incorporates by reference 42 U.S.C. § 2000e-5(f), and under 42 U.S.C. § 1981a, and the FMLA,

29 U.S.C. § 2617(a)(2).  The Court has supplemental jurisdiction of Plaintiff's state law claims under 28 U.S.C. § 1367.

3.      The acts alleged occurred in Canyon County, Idaho and gave rise to the claims.  The employment practices alleged to be unlawful were committed within this jurisdiction, and venue is proper in the Southern Division of the District of Idaho under 28 U.S.C. § 1391(a)(3) and under D.Id.L.Civ.R. 3.1.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4.      Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and Idaho Human Rights Commission ("IHRC"). He has received a Notice of Suit Rights from the IHRC.

5.      The IHRC issue a notice of right to sue December 15, 2016.  This Complaint is filed within 90 days of the notices.  This Complaint is timely filed following Plaintiff's receipt of the Notice of Suit Rights and has, therefore, exhausted all administrative remedies required under the ADA.

## THE PARTIES

6.      Plaintiff, Leslie Barnett, is an individual residing in Canyon County, Idaho.

7.      Defendant, Kit HomeBuilders West LLC ("Defendant" or "Kit"), is an Idaho limited liability corporation operating in Canyon County, Idaho.

## PLAINTIFF'S FACTUAL ALLEGATIONS

8.      Mr. Barnett began working for KIT August 6, 2006 as a full-time production worker.  His employment was terminated February 17, 2015.

9.      February 25, 2013, Mr. Barnett was injured on the job resulting in a neck injury.  He had surgery October 9, 2013 and returned to work approximately three weeks later.

COMPLAINT WITH JURY DEMAND – page 2

10.     Due to his injuries, even though not permanently disabled, Defendant treated Mr. Barnett as such and was regarded as being disabled.

11.     According to its Employee Handbook (revised February 2, 2015), Defendant implemented a 'points system' in which an employee accumulates points for each missed day of work.  If an employee accumulates over fourteen points, then the employee is terminated.  For medical absences of five days or more, even with a doctor's note, it counts as three points.  The noted exception to the point system is for work missed due to an industrial accident and doctor ordered follow-up visits.  Employee Handbook, pp.24-26.  Absences covered by the Family Medical Leave Act do not count towards the point total.

12.     January 2015, Mr. Barnett's doctor, Dr. Doerr, informed him he needed another surgery for the injuries caused by the industrial accident as the first surgery failed.  Mr. Barnett informed his foreman, Robert Bright.  The production manager Sam Frazier, was concerned about Mr. Barnett being gone from work.

13.     Mr. Barnett was sick for three days starting January 20, 2015.  He called his employer each day and produced a doctor's note for the days he was sick.  Based upon the employee manual, he incurred three points for that time period.  However, when he returned to work, January 23, 2015, Production Manager, Jared Oviatt ("Mr. Oviatt") initially informed him he was terminated because he accumulated 14 ½ points.  Prior to being sick, Mr. Barnett accumulated 5 ½ points.  Mr. Barnett challenged Mr. Oviatt's conclusion and discussed his point accumulation with Mr. Oviatt. Mr. Barnett then asked to see the employee manual, and Mr. Oviatt confirmed he only accumulated 8 ½ points and was not terminated.

14.     Mr. Barnett was scheduled for surgery February 2, 2015.  The surgery was initially rescheduled until February 11, 2015.

15.     February 3, 2015, Defendant placed Mr. Barnett on light duty work for a week.

16.     Mr. Barnett met with his doctor February 10, 2015 to discuss the operation.  The surgery was rescheduled for February 25, 2015.

17.     February 12, 2015, Mr. Barnett started his office work and, subsequently, Shanda Wright ("Ms. Wright"), safety coordinator, informed him they had permission for Mr. Barnett to work outside.  Defendant then placed Mr. Barnett on car wash duty in the cold temperature.  Mr. Barnett was only dressed for office work and objected to working outside.  Ms. Wright told Mr. Barnett to just do as he was told.  Around noon, Mr. Barnett began not feeling well and left a note with the Mr. Wright indicating so.  Mr. Barnett then went home for the day.

18.     Mr. Barnett spoke to Dr. Doerr February 13, 2015.  Dr. Doerr communicated the message from the worker compensation adjuster that Mr. Barnett did not have to return to work until after the surgery.  He would not receive the worker's compensation benefits until after the surgery.  Then, he could return to light duty work until he healed.  Dr. Doer recommended Mr. Barnett discuss this with his employer.

19.     February 13, 2015, Mr. Barnett also discussed the problem with working in the cold and Mr. Barnett stayed home from work that day.  Dr. Doerr recommended he return to work and Mr. Barnett asked if he would lose his job if he did not return to work.  Dr. Doerr recommended he also discuss that issue with his employer.

20.     February 13, 2015, Mr. Barnett talked with Mr. Oviatt about the information his doctor and the adjuster specified and he could stay home without pay.  He did not report to work that day.  Mr. Oviatt indicated he needed to verify this, said it was okay and would call him.  Mr. Oviatt did not call.  Mr. Barnett was still under the fourteen point limit and assumed everything was good.

21.     February 16, 2015, Dr. Doerr called Mr. Barnett stating he does not know where he is with his points but his employer is keeping track. Mr. Barnett informed Dr. Doerr he would likely be fired.  Mr. Barnett then went to work to discuss these issues with Mr. Oviatt.  Mr. Oviatt had not talked with the adjuster but stated he was still looking into it.  Mr. Barnett asked Mr. Oviatt about his points and he mentioned that the points were adding up.

22.     Mr. Oviatt confirmed Mr. Barnett had too many points and that they were trying to figure out how to handle it.  Mr. Oviatt said he would contact Mr. Barnett when they figured it out.

23.     February 17, 2015, Mr. Barnett called Defendant often without response.  He finally talked with Mr. Oviatt to inquire if he spoke with the adjuster. Mr. Oviatt responded by inquiring if Mr. Barnett had talked with Ms. Wright.   Ms. Wright then called and terminated Mr. Barnett's employment because he accumulated too many points according to the absence policy.  Ms. Wright drafter a letter terminating his employment, as directed by the worker's compensation insurance adjuster.

24.     February 18, 2015, Defendant sent a letter specifying that light duty was provided to Mr. Barnett.  However, from January 5 to February 16, his points accumulated to 18.5 and exceeded the amount allowed.  As a result, Defendant alleged that Mr. Barnett voluntarily terminated his employment and effectively refused "restricted duty accommodations."

## FIRST CLAIM FOR RELIEF
### Violation of the Americans with Disabilities Act
### 42 U.S.C. § 12101, et seq.

25.     Plaintiff re-alleges and incorporates by reference every allegation in each paragraph as if fully set forth.

26.     Defendant's firing of Plaintiff, because it regarded Plaintiff as disabled, violated the Americans with Disabilities Act of 1994 and the Americans with Disabilities Act Amendment

Act of 2008.

27.     The effect of these unlawful practices has been to deprive Plaintiff of equal employment opportunities, and to otherwise adversely affect his employment status as an employee because Defendant regarded Plaintiff as disabled.

28.     Defendant regarded Plaintiff as disabled based on his workplace accident injury to his neck that was not transitory and not minor.  Two weeks from his date of termination, Plaintiff was scheduled to have a second surgery for this injury.  Plaintiff could perform the duties of his job.

29.     Defendant took adverse employment action, including disciplining him and assigning him inappropriate duties that culminated in Plaintiff's termination of employment.  Defendant took these adverse actions because of regarding Plaintiff as disabled.

30.     The unlawful employment practices complained of above were intentional.

31.     The unlawful employment practices described above were committed with malice or reckless indifference for the federally-protected rights of Plaintiff.

32.     Because of Defendant's violation of the laws as alleged, Plaintiff suffered the loss of wages and the indignity, humiliation and embarrassment of being discriminated against solely because he was regarded as disabled.

**SECOND CLAIM FOR RELIEF**
**Family Medical Leave Act**
**Interference**
**29 U.S.C. § 2615(a)(1)**

33.     Plaintiff re-alleges and incorporates by reference every allegation in each paragraph as if fully set forth.

34.     Defendant qualifies as an "employer" as that term is defined in the FMLA, 29 U.S.C. § 2611(4).

COMPLAINT WITH JURY DEMAND – page 6

35.    Plaintiff is an "eligible employee" as the term is defined in the FMLA, 29 U.S.C. § 2611(2).

36.    Plaintiff had an "entitlement to leave" as defined in the FMLA, 29 U.S.C. § 2612(1).

37.    Mr. Barnett notified his employer he would need surgery to treat his workplace accident injury.  Defendant did not provide notice to Plaintiff of his eligibility for FMLA leave.

38.    Plaintiff was disciplined when Defendant misapplied the "point system" for absences and terminated Plaintiff when absences, because of his injury, would be exempt as FMLA leave.

39.    At all times relevant to this Complaint, Plaintiff provided Defendant timely and sufficient notice of his qualifying condition and Defendant knew of Plaintiff's eligibility to take FMLA leave.

40.    FMLA requires an employer provide notice of eligibility when notified of a qualifying condition.  29 C.F.R. 825.300(b).  Defendant interfered with Plaintiff's FMLA rights and entitlements by failing to provide notice to Plaintiff of his eligibility and interfered with Plaintiff's ability to exercise his rights to FMLA, and, ultimately, terminated his employment. 29 C.F.R. 825.300(e).

41.    As a direct and proximate result of Defendant's interference with Plaintiff's rights and entitlements under FMLA, Plaintiff suffered damages in amounts to be proven at trial.  Such damages include, but are not limited to, past and future lost wages, salary, employment benefits, and other compensation denied or lost by Defendant's FMLA violations.  Plaintiff is entitled to interest at the prevailing rate for Plaintiff's lost wages and benefits.  Plaintiff is entitled to an additional amount as liquidated damages.

42.    Defendant's violation of Plaintiff's FMLA rights mandate that the Court, in addition to any judgment awarded to Plaintiff include attorney fees, expert witness fees and other costs.

## THIRD CLAIM FOR RELIEF
### Negligent Infliction of Emotional Distress

43.    Plaintiff re-alleges and incorporates by reference every allegation in each paragraph as if fully set forth.

44.    Defendant's, through the individuals identified, conduct was extreme, outrageous and reckless and such conduct caused Plaintiff extreme emotional distress.

45.    Defendant's, through the individuals identified, retaliated against Plaintiff for exercising his right to FMLA leave and discriminating against him by regarding him as disabled.  Plaintiff's employment termination was negligent and caused such physical symptoms including but not limited to headaches and sleeplessness.

46.    As a direct and proximate result of Defendant's negligent infliction of emotional distress, Plaintiff suffered damages in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF
### Wrongful Termination in Violation of Public Policy

47.    Plaintiff re-alleges and incorporates by reference every allegation in each paragraph as if fully set forth.

48.    Idaho Code, sections 72-101 *et seq.* embodies fundamental public policy in the State of Idaho.

49.    Defendant terminated Plaintiff from his employment because he exercised his rights to worker's compensation benefits under Idaho Code sections 72-101 *et seq.*  Defendant worked with and was directed by the worker's compensation insurance adjuster to terminate Plaintiff's employment.

50.    Defendant's termination of Plaintiff's employment and other adverse actions were violations of fundamental Idaho public policy.

51.     Defendant's termination of Plaintiff's employment and other adverse actions taken against Plaintiff were the legal cause of Plaintiff's damages.

## PRAYER

WHEREFORE, Plaintiffs request the following relief:

1.      Entry of a judgment for Plaintiff and against Defendant for the actual and/or compensatory damages sustained by Plaintiff for violations identified and any other injury or claim that may be discovered during the discovery process for which the law holds Defendant liable and responsible in an amount to be determined by a jury;

2.      Actual and compensatory damages to include lost past and future wages; lost past and future benefits, including, but not limited to lost vacation, lost bonuses, lost sick leave, lost medical benefits, lost retirement plan, and other like employee benefits; Past and continuing emotional distress, mental anguish, pain and suffering, humiliation, and enjoyment of life;

3.      Under 29 U.S.C. § 2617(a)(3), reasonable attorneys' fees, court costs, and expert witness fees, regarding pursuing Plaintiff's rights under this cause of action; and,

4.      A judgment for such other relief, general or specific, as the Court may deem appropriate, just and equitable.

## JURY DEMAND

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES.

DATED this ____ day of January, 2017.

THOMAS, WILLIAMS & PARK, LLP

_____
William H. Thomas
Attorney for Plaintiff